IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

LESLIE J. PICKEL                                                                                          PLAINTIFF

v.                                                      CIVIL NO. 22-3027

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                                                           DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Leslie J. Pickel, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for SSI on March 25, 2019, alleging an inability to work due to back pain, arthritis, scoliosis, degenerative disc disease, anxiety and stomach issues. (Tr. 73, 230). An administrative video hearing was held on April 13, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 34-69).

By written decision dated June 25, 2021, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 14). Specifically, the ALJ found Plaintiff had the following severe impairments: anxiety, depression, chronic gastritis, irritable bowel syndrome, and seizures. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P,

Regulation No. 4. (Tr. 15). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 416.967(b) except she must avoid hazards such as climbing ladders, ropes, and scaffolds; moving mechanical parts, unprotected heights, deep water, and open flames. In addition, she is limited to simple, routine, and repetitive tasks with few variables; supervision that is simple, direct, and concrete; and social interaction that is incidental to the work performed. She cannot perform work that requires travel to unfamiliar places.

(Tr. 16-17). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a photocopy machine operator, a merchandise marker, and a collator operator. (Tr. 27).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on April 20, 2022. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 15, 17).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following issue on appeal: 1) The ALJ erred by failing to find Plaintiff's alcohol abuse a severe impairment; and 2) The ALJ erred by failing to provide discussion or consideration of a lay witness statement. (ECF No. 15). Defendant argues the ALJ properly considered all of the evidence and the decision is supported by substantial evidence. (ECF No. 17).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. The ALJ considered the medical assessments of a treating medical provider and non-examining agency medical consultants, Plaintiff's subjective complaints, and her medical records when she determined Plaintiff could perform light work with limitations. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole the Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). The Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 29th day of August 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE